THE STATE *v.* THE ATCHAFALAYA RAIL ROAD AND BANKING COMPANY.

The president and directors of a bank have no authority, without the consent of the stockholders, to confess a forfeiture of the charter. But where, in their answer to an application on the part of the State for such forfeiture, they do not deny the grounds of forfeiture set forth in the petition, they must be taken to be true, and a forfeiture decreed accordingly.

APPEAL from the District Court of the First District, *Buchanan,* J.

BULLARD, J. L. J. Wilson, one of the stockholders, is appellant from a judgment of the District Court which declares the char ter of the Atchafalaya Rail Road and Banking Company forfeited, under the following circumstances :—

On the 9th of March, 1842, the Attorney General presented the State's petition, charging the co rporation with having neglected and refused to pay its notes and other obligations, in specie, for a period of more than ninety days; with having so mismanaged its affairs, and abused its corporate franchises, as that it had become *insolvent;* and, in fine, with having so violated its charter that the same was justly forfeited; and he prays, that such forfeiture may be declared by a judgment of the court.

Citations were issued and served on the same day, but not returned until the 12th of March. On the 11th the President and Directors answered, that, without admitting or denying the facts averred in the petition, or the legal consequences charged as resulting therefrom, they aver that by the art of incorporation, they were invested with the powers necessary for the construction of a certain rail road described in the 8th section of the act, which provides, that if the said road shall not be commenced within two years, and shall not be finished in seven years from the passage of the act, the same shall be null and void. They confess and admit that the said rail road has not been completed, and that the period allowed for completing it has expired since the filing of the petition in the case; that finding themselves unable to complete said rail road, they have deemed it advisable to elect the alterna ·

tive provided by the act of incorporation of forfeiting their charter; and do consent, that the same be declared null and void as provided therein.

Upon this remarkable confession the court pronounced judgment on the same day, declaring the charter forfeited on account of the neglect of the President and Directors to complete the rail road. The judgment is silent as to any other ground, or cause of forfeiture. It was signed on the 15th.

We are of opinion that the court erred. The President and Directors were incompetent, without the consent of the stockholders, to confess a forfeiture, and thus abandon an act of incorporation, which it was their duty to administer for the interest of the stockholders. They had no authority by a voluntary act, or confession, to surrender the charter of the corporation.

This confession is the more remarkable and unjustifiable, as by an act of the Legislature approved on the 5th of February previous, it was provided, section 7, that if any bank had constructed and completed any public works or improvements, such bank might retain its corporate powers, and all other privileges conferred by its charter, so far only as the continuance of such powers and privileges may be necessary to enable it to retain the property in such works, and to manage and to carry on the same, &c. The 7th section contains a proviso relating expressly to the rail road in question, to wit: "That nothing in this section shall be construed to release the Atchafalaya Rail Road and Banking Company from making the rail road imposed by its charter, *except so far as the State is concerned,* on condition, &c. Acts of 1842, p. 46.

By this we understand, that the stockholders had still a right to require the road to be constructed, notwithstanding a forfeiture of the banking privileges of the corporation.

It is not unworthy of remark at the same time, that there was then pending an action by a number of the stockholders, to compel the Board of Directors to proceed with the work required by the charter; in answer to which the Directors admitted, that they had commenced operations and expended considerable sums. This suit is now pending on appeal in this court.

The judgment based upon these unauthorized confessions and admissions, is, in our opinion, erroneous. But the defendants in their answer, do not deny the allegations and grounds of forfeiture set forth in the petition. They are to be taken as true, unless denied; and they are clearly sufficient in law, to authorize a judgment of forfeiture.

It is therefore adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered and decreed, considering the neglect and refusal of the defendants during more than ninety consecutive days, to pay their obligations, in specie, whereby the charter was liable to be declared *ipso facto* forfeited, that the same be, and it is hereby declared to be forfeited. The costs of both courts to be paid by the defendants.

*Preston*, Attorney General, for the State.
*Hoffman*, for the defendants.
*Barker*, for the appellant.